**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44615**

| | |
|---|---|
| STATE OF IDAHO, | ) 2017 Unpublished Opinion No. 563 |
| | ) |
| Plaintiff-Respondent, | ) Filed: August 29, 2017 |
| | ) |
| v. | ) Karel A. Lehrman, Clerk |
| | ) |
| MARK WILLIAM HART, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Bradly S. Ford, District Judge.

Judgment of conviction and order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

———————————————————————

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

———————————————————————

PER CURIAM

Mark William Hart was found guilty of felony driving under the influence of alcohol, Idaho Code §§ 18-8004, 18-8005. The district court imposed a unified ten-year sentence, with two years determinate. Hart filed an Idaho Criminal Rule 35 motion, which the district court denied. Hart appeals and assets the district court abused its discretion when it executed his sentence rather than placing Hart on probation or, in the alternative, retaining jurisdiction and by denying his I.C.R. 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State*

1

*v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002). *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 596-97 (Ct. App.1990). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Hart's I.C.R. 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of an I.C.R. 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Hart's judgment of conviction and sentence, and the district court's order denying Hart's I.C.R. 35 motion, are affirmed.